**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Joseph Camarena,<br><br>    Plaintiff,<br><br>vs.<br><br>MCSO Staff, et al.,<br><br>    Defendants. | No. CV 08-1084-PHX-SMM (JJM)<br><br>**ORDER** |

Plaintiff Daniel Joseph Camarena, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.   Complaint**

Plaintiff names Maricopa County Sheriff's Office (MCSO) Staff, Second Shift Supervisor, and Third Shift Supervisor as Defendants in the Complaint.

Plaintiff alleges three grounds for relief in the Complaint: (1) Plaintiff's safety was threatened when MCSO officers ordered him out of the shower during a lock-down by pointing tazer guns and pepper spray at him; (2) Plaintiff was placed into disciplinary segregation after the incident in Count I, and the related disciplinary proceedings were unconstitutional; and (3) Plaintiff's safety was threatened when, after refusing to house with an inmate of a different race, he was threatened with mace by a detention officer. Plaintiff seeks money damages.

**IV.   Failure to State a Claim**

    **A.   Failure to Link Injuries with Specific Defendants**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the

JDDL-K                                                      - 2 -

injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not named the specific individuals responsible for his alleged injuries, nor has he linked any of his claims to Defendants Second and Third Shift Supervisors.  Moreover, the use of anonymous appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified  defendant.

### B.    Failure to Allege Constitutional Violations

In order to recover under § 1983, a plaintiff must show: (1) the violation of a right protected by the Constitution or federal law; (2) that was proximately caused; (3) by conduct of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff has not alleged the violation of a specific constitutional right in any of his claims.

#### 1.    Excessive Force

The Fourteenth Amendment Due Process clause protects pretrial detainees from excessive force that amounts to punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).  "[T]he Fourth Amendment sets 'the applicable constitutional limitations' for considering claims of excessive force during pretrial detention." Id. (quoting Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir. 1996)).

The Fourth Amendment does not prohibit the use of reasonable force. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989).  See also Tatum, 441 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests. Lolli, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every

> push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

Graham, 490 U.S. at 396-97 (citation omitted).

Furthermore, a mere threat of violence, such as described by Plaintiff, is insufficient to state a § 1983 claim. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (prisoner's allegation that he was "threatened with bodily harm" by guards "to convince him to refrain from pursuing legal redress" for beatings does not state cause of action under section 1983); see also McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language and gestures do not, even if true, amount to constitutional violations); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973) (the use of words, no matter how violent, does not comprise a Section 1983 violation). Plaintiff has not alleged facts, in Counts I or III, that demonstrate that he subjected to an unreasonable use of force and has failed to state a claim in these counts.

### 2. Disciplinary Proceedings

To the extent that Plaintiff may claim his disciplinary proceedings relating to the event violated his Fourteenth Amendment due process rights, Plaintiff has made no allegations about what specific due process rights he was denied or how his disciplinary conviction was "unconstitutional." Plaintiff has therefore also failed to state a claim in Count II.

### C. **Hart v. Hill**

In each claim for relief, Plaintiff claims violations of "Hart v. MCSO." The Court assumes that Plaintiff intends to refer to Hart v. Hill, CV 77-0479-PHX-EHC (MS). With respect to any claim for monetary damages, Hart v. Hill provides no independent cause of action. Although the class action does not foreclose an individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir. 1997), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks. In a case challenging the conditions of confinement of pretrial detainees, the most likely source of a right to sue (of

1 which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983.  However, in order to
2 state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim.  As
3 discussed above, Plaintiff has failed to state such a constitutional claim in the Complaint.

4 **V.     Leave to Amend**

5 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
6 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
7 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
8 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
9 to use the court-approved form, the Court may strike the amended complaint and dismiss this
10 action without further notice to Plaintiff.

11 In any amended complaint, Plaintiff must write short, plain statements telling the
12 Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant
13 who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action
14 or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right;
15 and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  Rizzo,
16 423 U.S. at 371-72, 377.

17 Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
18 fails to affirmatively link the conduct of each named Defendant with the specific injury
19 suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to
20 state a claim.  Further, Plaintiff must comply with any specific directions set out by the Court
21 in its discussion of individual claims. Conclusory allegations that a Defendant or group of
22 Defendants have violated a constitutional right are not acceptable, and will be dismissed.

23 Plaintiff must clearly designate on the face of the document that it is the "First
24 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
25 entirety on the court-approved form and may not incorporate any part of the original
26 Complaint by reference.  Plaintiff may include only one claim per count.

27 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
28 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

JDDL-K

- 5 -

1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 18th day of June, 2008.

Stephen M. McNamee
United States District Judge